IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TODD N. TAYLOR and JULIE A. TAYLOR,<br><br>Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE |
| vs. | |
| CITIMORTGAGE, INC.; U.S. BANK N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>Defendants. | Case No. 2:10-CV-505 TS |

This matter is before the Court on two Motions to Dismiss filed by Defendants CitiMortgage, Inc. ("CitiMortgage") and U.S. Bank N.A. ("U.S. Bank"). In addition, Defendant CitiMortgage has filed a Motion to Strike Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motions to Dismiss, rendering the Motion to Strike moot.

1

I. BACKGROUND

On or about June 26, 2008, Plaintiffs obtained a loan from Defendant CitiMortgage for the purchase of a home in Provo, Utah. On or about that same date, Plaintiffs obtained a home equity loan from Defendant U.S. Bank. Plaintiffs executed a Promisory Note in favor of CitiMortgage on June 26, 2008 (the "First Position Note"). Plaintiffs executed a second Promisory Note in favor of U.S. Bank on that same date (the "Second Position Note"). Plaintiffs also executed a Deed of Trust (the "First Position Deed of Trust") on June 26, 2008, which identified Plaintiffs as borrowers, CitiMortgage as lender, First American Title Company as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. On June 27, 2008, Plaintiffs executed a Deed of Trust in favor of U.S. Bank Trust Company (the "Second Position Trust Deed").

Plaintiffs filed this action on May 8, 2010. Plaintiffs' first cause of action for estoppel/declaratory judgment request the Court issue declaratory judgment that "defendant Beneficiaries, and such assignees . . . are estopped to assert any present default on the Notes, or power of sale under the Trust Deeds."[1] Plaintiffs' second cause of action alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs' third cause of action alleges violations of the Truth in Lending Act ("TILA") and seeks to rescind the transaction. Plaintiffs' fourth cause of action for declaratory judgment seeks an "Order declaring that defendants . . . lack any interest under the Trust Deeds which may be enforced by lien upon or sale of the subject

---

[1] Docket No. 1 at ¶ 33.

property."[2] Plaintiff's fifth cause of action requests an order "quieting title to the subject property in Plaintiffs and against defendants . . . freeing title to the subject property of the lien of the Trust Deeds and leaving any obligations under the Notes unsecured by any interest in the subject property."[3] Plaintiffs' final cause of action seeks refund, fees, and costs.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6] But, the court "need not accept conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is

---

[2]*Id.* at ¶ 48.

[3]*Id.* at ¶ 53.

[4]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

legally sufficient to state a claim for which relief may be granted."[8] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[9] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[10]

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[11] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[14]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is

---

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Id*.

[10]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[11]556 U.S. ___, 129 S.Ct. 1937 (2009).

[12]*Id*. at 1949.

[13]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[14]*Id*. (quoting *Twombly*, 550 U.S. at 557).

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[15]

### III. DISCUSSION

A.   RESPA

Plaintiffs' second cause of action is for a violation of the Real Estate Settlement Procedures Act ("RESPA"). In their Complaint, Plaintiffs allege that Defendants are subject to the provisions of RESPA, that Defendants violated RESPA by "Defendants accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed," and that they are entitled to damages.[16]

---

[15]*Id*. at 1949-50 (internal quotation marks and citations omitted).

[16]Docket No. 1 at ¶¶ 37-39.

5

Plaintiffs' RESPA claim does not fall within the one year statute of limitations.[17] According to the language of the Complaint, any claim that Plaintiffs have under RESPA must have occurred at the time of closing. As a result, any claim that Plaintiff could have under RESPA needed to be brought by June 26, 2009. Plaintiffs did not bring this action until nearly one year later on May 28, 2010. Therefore, Plaintiffs' second of cause of action is barred by the statute of limitations and must be dismissed.

B.  TILA

In their third cause of action, Plaintiffs assert that they are entitled to rescission under the Truth in Lending Act ("TILA") for alleged violations of that Act. This claim fails. First, any TILA violations are barred by the statute of limitations.[18] Further, a number of courts,[19] including this one,[20] have held that the rescission provisions in TILA do not apply to a residential mortgage transaction, such as the one here.

---

[17] 12 U.S.C. § 2614.

[18] 15 U.S.C. § 1640(e).

[19] *See, e.g., Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004) ("[T]here is no statutory right or rescission . . . where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.") (collecting cases).

[20] *See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, at *2 (D. Utah Sept. 16, 2009).

C.     THE REMAINING CLAIMS

Plaintiffs' remaining claims are based on the allegation that Defendants transferred, pooled, and securitized Plaintiffs' notes and, as a result, have no authority under the notes. This argument must be rejected.

First, Plaintiff has alleged no factual support to demonstrate that the note was the subject of securitization. Under the standard set forth above, Plaintiffs' claims must be dismissed. Second, even assuming that the notes were the subject of securitization, Plaintiff's arguments ignore the fact that securitization merely creates "a separate contract, distinct from Plaintiff[']s debt obligations under the reference credit (i.e. the Note)."[21] Thus, the separate contract that is the result of securitization does not free Plaintiffs from the terms agreed upon in the Deeds of Trust. As one court has stated "[t]here is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property."[22] Therefore, these claims must be dismissed.

---

[21] *Larota-Florez v. Goldman Sachs Mortgage Co.*, 2010 WL 1444026, at *6 (E.D. Va. Apr. 8, 2010)

[22] *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010).

## IV. MOTION TO STRIKE

Defendant CitiMortgage seeks to strike Plaintiffs' untimely response to its Motion to Dismiss. Plaintiffs argue that their untimeliness should be excused. Even considering the Memorandum in Opposition filed by Plaintiffs, the outcome set forth above remains the same. Therefore, the Court need not strike the response.

## V. CONCLUSION

It is therefore

ORDERED that Defendant CitiMortgage's Motion to Dismiss (Docket No. 8) is GRANTED. It is further

ORDERED that Defendant U.S. Bank's Motion to Dismiss (Docket No. 12) is GRANTED. It is further

ORDERED that Defendant CitiMortgage's Motion to Strike (Docket No. 22) is DENIED AS MOOT.

Counsel for Plaintiffs is reminded of his responsibilities under Federal Rule of Civil Procedure 11 and the Utah Rules of Professional Conduct, as adopted and interpreted by this Court, and the possible penalties for violating those rules.[23] Counsel should consider the following when filing matters with this Court, especially those matters that have been continually rejected by the Court.

Utah Rule of Professional Conduct 3.1 states: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for

---

[23] *See* Fed.R.Civ.P. 11 and DUCivR 83-1.5.1(a).

doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law." Rule 3.3(a)(2) provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Under Rule 8.4(a) it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct.

> Under Fed.R.Civ.P. 11(b)
>
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Rule 11, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[24] "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion

---

[24]Fed.R.Civ.P. 11(c)(1).

and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."[25]

Counsel is put on notice that violation of the above-listed rules may result in the issuance of sanctions and/or disciplinary action.

DATED   November 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[25] Fed.R.Civ.P. 11(c)(4).